IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ETHAN DAVIS MAYNOR,         ) | |
| )                          | |
| Plaintiff,                ) | |
| )                          | |
| v.                         ) | Case No. 23-cv-379-GLJ |
| )                          | |
| AAM NETWORK, INC., ALPHA   ) | |
| AND MIKE, LLC, and BORIS   ) | |
| KRAJOVAN,                  ) | |
| )                          | |
| Defendants.               ) | |

## ORDER

This matter comes before the Court on a partial motion to dismiss by AAM Network, Inc. and Alpha and Mike, LLC. Specifically, Defendants AAM Network, Inc. and Alpha and Mike, LLC's Partial Moton to Dismiss for Failure to State a Claim seeks the dismissal of Plaintiff's claims for negligent hiring, training and supervision, and gross negligence [Docket No. 9]. For the reasons set forth below, the Court finds that Defendants AAM Network, Inc. and Alpha and Mike, LLC's Partial Moton to Dismiss for Failure to State a Claim [Docket No. 9] is hereby GRANTED IN PART and DENIED IN PART.

### BACKGROUND

This case arises out of a truck and automobile accident on Interstate 35 in Love County, Oklahoma. *See* Docket No. 2, Exh. 2. Plaintiff alleges he was driving southbound on Interstate 35 when he slowed for traffic in front of him but Defendant Boris Krajovan, who was driving a truck behind Plaintiff, failed to keep a proper lookout and speed and

1

slammed into the rear of Plaintiff's vehicle. *Id*. At the time of the accident, Krajovan was employed by AAM and/or Alpha and was working in the course and scope of such employment. *Id*. Plaintiff asserts claims against Krajovan for negligence and negligence per se, *see id*. at causes of action 1 and 2, and against AAM and Alpha for negligence, negligent hiring, training, supervision and retention, negligent entrustment, and respondent superior/vicarious liability, *see id*. at causes of action 3-10, and against all Defendants for gross negligence, *see id*. at cause of action 11.

Plaintiff originally filed his case in Love County District Court, Oklahoma. *Id*. Defendants subsequently removed this case to this court. *See* Docket No. 2.

## ANALYSIS

In reviewing a motion to dismiss, the Court "assume[s] the truth of all well-pleaded facts in the complaint," and construes all reasonable inferences in the light most favorable to the Plaintiff. *Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief[.]" FED. R. CIV. P. (8)(a)(2). Although detailed factual allegations are not required, the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting

2

*Twombly*, 550 U.S. at 577). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555-557, 570). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

## I.     Negligent Hiring, Training, Supervision, and Retention

"Under Oklahoma law, '[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee.'" *Racher v. Westlake Nursing Home Ltd. Partnership*, 2013 WL 3992404, at *2 (W.D. Okla. Aug. 2, 2013) (quoting *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla.1999)). "An employer is found liable, if—at the critical time of the tortious incident—, the employer had reason to believe that the person would create an undue risk of harm to others." *Id*. As a result, "[t]he critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id*.

AAM and Alpha argue that the Complaint alleges only conclusory allegations and does not specifically allege that AAM or Alpha had prior knowledge or should have known of Krajovan's propensity to commit the harm for which damages are sought. *See* Docket

3

No. 9, p. 5. Plaintiff responds by repeating the conclusory allegations from his Complaint and arguing that the pleading standard adopted under *Twombly/Iqbal* and progeny is not as heightened as Defendants imply. *See* Docket No. 22, pp. 5-7.

A careful review of the Complaint indicates that Plaintiff does not allege anything other than conclusory allegations and does not allege anything about AAM or Alpha's "prior knowledge" in support of the negligent hiring, training and supervision claims. Specifically, Plaintiff only asserts the conclusory allegations that AAM and Alpha negligently hired, trained, supervised/monitored, and retained Krajovan without asserting any facts as to how Defendants failed to do so. *See* Docket No. 2, Exh. 2 at ¶ 25(a)-(d). Similarly, although Plaintiff generally alleges that Defendants failed to implement adequate safety programs or put such programs in place and placed a driver on the road with an impairment, *id*. at ¶ 25(h)-(j), Plaintiff alleges no actual facts as to how these events occurred, such as what training or safety programs were not provided or even whether Krajovan was impaired at the time of the accident. Thus, these "'naked assertions' devoid of 'further factual enhancement'" do not state a plausible claim for negligent hiring. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 577).

Moreover, even if Plaintiff could state a plausible claim for negligent hiring, training or retention, Defendants concede that Krajovan was acting within the scope of his employment and as an agent at the time of the incident. Specifically, AAM and Alpha both admit that, at the time of the accident, Krajovan was operating as an agent of AAM and Alpha, that Krajovan was acting within the course and scope of his agency on behalf of AAM and Alpha, and that AAM and Alpha are responsible for the actions and conduct of

4

Krajovan under the doctrine of *respondeat superior*. *See* Docket Nos. 7 & 8, ¶ 7. Thus, AAM and Alpha are responsible for any negligence of their driver pursuant to the *respondeat superior* doctrine and imposing liability on them under any other theory would be "unnecessary and superfluous." *Horton v. Nat'l Union Fire Ins. Co.*, 2015 WL 7575909, at *2 (E.D. Okla. Nov. 25, 2015) (citing *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997)). *See also*, *Sykes v. Bergerhouse*, 2021 WL 966036, at *3 (W.D. Okla. March 15, 2021) ("in light of [employer's] stipulation as to the employment and agency of its driver, Plaintiff's direct-negligence claims do not plausibly show an entitlement to relief against [employer] under Oklahoma law."); *Sinclair v. Hembree & Hodgson Construction, L.L.C.*, 2020 WL 3965010, at *3 (W.D. Okla. July 13, 2020) ("negligent hiring, training, and supervision claims are superfluous in a case where vicarious liability has been established through stipulation"); *Davis-Pashica v. Two Buds Trucking, LLC*, 2017 WL 2713332, at *2-3 (N.D. Okla. Jan. 5, 2017). Therefore, Plaintiff's Fourth and Eighth causes of action are dismissed.

## II.  Gross Negligence

AAM and Alpha also seek the dismissal of Plaintiff's gross negligence claim because he did not set forth sufficient supporting facts. *See* Docket No. 9, p. 8. Plaintiff asserts that all Defendants' acts were the result of their "heedless and reckless disregard for the rights and welfare of Plaintiff" and "involved an extreme degree of risk … of which Defendants had actual, subjective awareness of, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Plaintiff." *See* Docket No. 2, Exh. 2 at ¶

48. Plaintiff also argues that punitive damages may be assessed against an employer for an employee's acts under *respondeat superior*. See Docket No. 22, pp. 9-10.

Oklahoma defines gross negligence as "want of slight care and diligence," 25 O.S. § 6, and further defines slight care or diligence as that which "persons of ordinary prudence usually exercise about their own affairs of slight importance." *Id*. at § 4. "[T]he Oklahoma Supreme Court refers to gross negligence as a reckless disregard for the rights of others or the equivalent of evil intent." *Sinclair*, 2020 WL 3965010, at *5 (citing *White v. B.K. Trucking Co., Inc.*, 405 F. Supp. 1068, 1070 (W.D. Okla. 1975)). "Punitive damages are allowable when there is evidence of reckless and wanton disregard of another's rights from which malice and evil intent may be inferred." *Id*. (quoting *Graham v. Keuchel*, 847 P.2d 342, 363-64 (Okla. 1993) (indicating that evil intent may be inferred from a complete indifference to the consequences, reckless disregard of the safety of others, or gross negligence)). "[P]unitive damages are a question for the jury and are only available in actions involving fraud, oppression, malice or gross negligence." *Id*. (citing *Fuller v. Neundorf*, 278 P.2d 836, 839 (Okla. 1954)).

Plaintiff alleges various direct negligence actions against AAM and Alpha, including negligence and negligent entrustment. Although Plaintiff has not set forth many facts in detail supporting gross negligence, it is also true that gross negligence "differs from standard negligence *only* in degree[.]" *Cherokee Nation v. McKesson Corp.*, 529 F.Supp.3d 1225, 1239 (E.D. Okla. 2021) (citing *NMP Corp. v. Parametric Tech. Corp.*, 958 F.Supp. 1536, 1546 (N.D. Okla. 1997)). "The conduct at issue in this case represents a question of fact as to the degree of [Defendants'] negligence. As such, the court

concludes that the question of whether [Defendants] are liable for gross negligence is not a matter to be resolved on a motion to dismiss." *Id*. (citing *Fox v. Oklahoma Memorial Hospital*, 774 P.2d 459, 461, 462 (Okla. 1989)). Given the direct negligence claims and facts alleged, it is not appropriate to resolve the gross negligence question at the motion to dismiss stage. Therefore, the motion to dismiss the gross negligence claim as to AAM and Alpha is denied.

### III. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

As set forth above with respect to Plaintiff's negligent hiring, training and supervision claims, such claims are unnecessary and superfluous. As a result, any amendment attempting to state additional facts to support such claims would be futile. Therefore, leave to amend the Complaint is denied.

### CONCLUSION

As set forth herein, IT IS ORDERED that Defendants AAM Network, Inc. and Alpha and Mike, LLC's Partial Motion to Dismiss for Failure to State a Claim [Docket No.

9] is GRANTED as to Plaintiff's Fourth and Eighth Causes of Action, which are dismissed without prejudice, and DENIED as to Plaintiff's Eleventh Cause of Action.

IT IS SO ORDERED this 30th day of January 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**